Howe, J.
The plaintiff sued the defendants as commercial partners in the business of brokerage, exchange and banking, and claimed to recover from them in solido the sum of >$4,298 33 in gold, alleged to be due as the balance of plaintiff’s bank account on the 1st November, 1864, subject to a deduction of $1,394 12 in currency.
The Court a qua gave judgment in favor of plaintiff against Abrams, but rejected the claim as to Simon, and the plaintiff has appealed.
The bank account was opened with Maurice Abrams as banker, and the name of the defendant, Simon, never appeared in the account. But the plaintiff contends that Simon took part in the business, held himself out as partner in the concern, and was in reality a partner, and liable as such.
*569 We have given a careful examination to the evidence in the record, and .are constrained to the conclusion that these positions of the plaintiff are correct, and that the defendant, Simon, ought to be held liable in solido, with the defendant, Abrams.
We cannot, however, assent to the demand of the plaintiff for a judgment in gold. The relation of the plaintiff and the defendants, on the 1st November, 1864, was that of creditor and debtors. The deppsit by the former was not the “real deposit,” “where the depositary receives a thing to be preserved in kind, without the power of using it, and on the condition thatke is to restore the identical object.” C. C. 2934. It was an irregular deposit, which transferred to the defendants the ownership of the money, and left them indebted to the plaintiff in the number of dollars and cents deposited. j
In the language of this Court in Matthews v. McKenzie, 10 A. 344, “the depositaries had a right to use (the moneys) in the course of their business; the relation of debtor and creditor arose between them and tho depositor; le domaine de la chose, the power of using the money passed to them; and the obligation of returning, not the same, but a like amouht, was assumed by them.”
It is true that it was gold coin that was deposited by plaintiff, but where the simple relation of creditor and debtor only is created, we cannot recognize any distinction between a debt which springs from an irregular deposit of gold, and one which springs from an irregular deposit of any other lawful money. Nor can we see why such a debt contracted, for example in 1860, should now be satisfied by a judgment in lawful money, and one contracted in 1864, should not be satisfied in the same way.This may seem a harsh doctrine in this ease, but such hardships are apt to come when anything else than gold and silver is made a legal tender.
The judgment against the defendant, Abrams, is not complained of, and will not be disturbed in this appeal.It is ordered and adjudged that the judgment in favor of the defendant, Simon, be avoided and reversed; and that the plaintiff have and recover of the said defendant, Joseph Simon, the sum of two thousand nine hundred and four dollars and twenty-one cents, with legal interest from judicial demand, and costs in both courts.